IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DEMETRIUS MCKINNEY,          ) | |
| ) | |
| Petitioner,          ) | |
| ) | |
| v.          ) | CV 116-095 |
| ) | (Formerly CR 112-203) |
| UNITED STATES OF AMERICA,          ) | |
| ) | |
| Respondent.          ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the United States Penitentiary in Atlanta, Georgia, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.     BACKGROUND**

   **A.     Indictment and Agreement to Plead Guilty**

On June 6, 2012, the grand jury in the Southern District of Georgia charged Petitioner under the Armed Career Criminal Act ("ACCA") with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 ("Count One"), and one count of possession of cocaine, in violation of 21 U.S.C. § 844(a) ("Count Two"). United States v. McKinney, CR 112-203, doc. no. 1 (S.D. Ga. Aug. 8, 2012) (hereinafter "CR 112-203"). The Court appointed attorney Richard H. Goolsby under the Criminal Justice Act to

represent Petitioner. Id., doc. no. 15.

On August 16, 2012, Petitioner appeared with counsel before United States District J. Randal Hall, and pled guilty to Count One of the indictment. Id., doc. nos. 25-27. In exchange for the guilty plea, the government agreed to (1) dismiss Count Two of the Indictment; (2) not oppose a two-point acceptance of responsibility reduction and move for an additional one-point reduction under U.S.S.G. § 3E1.1(b); and (3) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or a reduction of Petitioner's sentence under Fed. R. Crim. P. 35. Id., doc. no. 27, pp. 2-3.

For his part, Petitioner admitted the factual basis for his guilty plea, including "having been previously convicted of the following crimes punishable by imprisonment for a term exceeding one year:

1. *Burglary,* McDuffie County Superior Court, March 5, 1999;
2. *Sale of a Non-Controlled Substance,* McDuffie County Superior Court, March 5, 1999;
3. *Sale of Cocaine,* McDuffie County Superior Court, March 5, 1999;
4. *Aggravated Assault,* McDuffie County Superior Court, May 2, 2006; and
5. *Possession of Cocaine,* Richmond County Superior Court, November 30, 2011;

Id. at 7-8. The five felonies listed in the plea agreement are the same crimes listed in Count One of the indictment. CR 112-203, doc. no. 1, p. 1; doc. no. 27, p. 7. As part of the plea agreement, Petitioner also agreed to waive the right to file a direct appeal and the right to collaterally attack his conviction and sentence unless his sentence exceeded the statutory maximum, the sentencing court upwardly departed from the advisory Guideline range, or the government appealed the sentence. Id., doc. no. 27, pp. 4-5.

**B.     Sentencing**

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). As explained in the PSI, Petitioner had "at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions." PSI ¶ 18. The PSI went on to detail the burglary, sale of cocaine, and aggravated assault convictions listed in the indictment and plea agreement. PSI ¶¶ 23, 25-26; CR 112-203, doc. nos. 1, 27. The PSI calculated a total offense level of thirty-one, a criminal history category of VI, and an advisory Guideline range of 188 to 235 months of imprisonment, which was above the 180-month statutory minimum required by the ACCA. PSI ¶¶ 54-55. Petitioner did not file any objections to the PSI. See PSI Add.

On June 20, 2013, Judge Hall imposed a sentence of imprisonment of 225 months. CR 112-203, doc. nos. 33, 34. Judgment was entered on June 24, 2013. Id., doc. no. 34. Petitioner did not file an appeal.

**C.     Post-Conviction Proceedings**

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 578 U.S.-, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Petitioner signed the instant § 2255 motion and supporting memorandum on June 20, 2016, and the Clerk of Court filed it on June 27, 2016. (Doc. no. 1, pp. 1, 13.) Petitioner raises one ground for relief, asserting that after Johnson, Petitioner's convictions for burglary and aggravated assault "no longer qualify as a 'violent felony' under the ACCA." (Doc. no. 1, p. 4). Petitioner does not challenge his sale of cocaine offense as a valid serious drug offense predicate under the ACCA.

Respondent argues that even after Johnson, Petitioner's sentence is valid because his burglary conviction qualifies as a predicate conviction under the enumerated offenses portion of the ACCA's violent felony definition. (See doc. no. 3, pp. 3-8.) Moreover, Petitioner's conviction for aggravated assault also qualifies, post-Johnson, under the elements portion of the ACCA's definition of violent felony. (Id. at 8-9.) The government contends these offenses, along with Petitioner's conviction for sale of cocaine, satisfy the requirement of three predicate offenses to impose the ACCA sentencing enhancement, see 18 U.S.C. § 924(e)(1), such that Petitioner's § 2255 motion should be denied. (Id. at 12.)

## II.   DISCUSSION

### A.   Petitioner Is Not Entitled to an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not

4

entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004).  Because Petitioner's claims lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

> **B.  Petitioner Is Not Entitled to Resentencing Because He Has Three Predicate ACCA Convictions to Qualify as an Armed Career Criminal.**

The ACCA defines violent felony as any felony that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  Subsection (i) is sometimes identified as the elements clause, while subsection (ii) is subdivided into (a) the enumerated offenses clause, and (b) the now invalid residual clause. See In re Thomas, 823 F.3d 1345, 1347 (11th Cir. 2016).

The now-invalidated residual clause of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  Johnson did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony," all of which may still be used to impose ACCA enhancements.  Johnson, 135 S. Ct. at 2563.  Thus, after Johnson invalidated the residual clause of the ACCA, an enhancement may still be validly applied based on an offense falling

5

under the enumerated offenses clause of the ACCA. See 18 U.S.C. § 924(e)(2)(B)(ii) (defining violent felony as "burglary, arson, or extortion" or an offense involving "use of explosives").

### 1. Petitioner's Prior Burglary Conviction Qualifies as a Predicate Under the Enumerated Offenses Clause of the ACCA.

Petitioner's burglary offense, which Petitioner admitted as part of his plea agreement and to which Petitioner did not object when delineated in the PSI, falls under the enumerated offenses clause, and he therefore qualifies as an armed career criminal, even after Johnson. This follows from the fact that Georgia has a divisible burglary statute, and Petitioner's burglary involved a building or other structure, qualifying as "generic burglary" under the ACCA. However to reach this conclusion, it is helpful to review the analysis required under Mathis v. United States, 579 U.S. -, 136 S. Ct. 2243 (2016) and Descamps v. United States, 570 U.S. -, 133 S. Ct. 2276, 2281 (2013), for using the modified categorical approach to determine whether a burglary qualifies as generic burglary.

To determine whether a defendant's prior conviction qualifies as a predicate ACCA offense under the enumerated offenses clause, courts compare the elements of the ACCA predicate offense to the elements of the prior conviction. Descamps, 133 S. Ct. at 2281-82. A prior conviction qualifies as an ACCA predicate offense only if the elements of the prior conviction are the same or narrower than the elements of the ACCA predicate offense. Id. Because the ACCA does not specify the elements for the predicate, enumerated offenses, courts apply the elements of these "generic" crimes as commonly understood. Id.; United States v. Gundy, 842 F.3d 1156, 1161 (11th Cir. 2016).

Comparison of the elements between the prior conviction and ACCA offense is simple when the charging statute for the prior conviction is indivisible, meaning that the

statute sets out a single set of elements for the offense. Courts refer to this simple comparison as the "categorical approach." Descamps, 133 S. Ct. at 2281. In this type of case, the court need only "line[] up that crime's elements alongside those of the generic offense and see[] if they match." Mathis, 136 S. Ct. at 2248.

A complication arises, however, when the charging statute for the prior conviction sets out one or more elements in the alternative, such as a burglary statute that defines burglary as either the unlawful entry into a building or an automobile. See Descamps, 133 S. Ct. at 2281-82. A criminal statute that lists elements in the alternative, and thereby defines multiple crimes, is "divisible." Mathis, 136 S. Ct at 2249. "Faced with a 'divisible' statute, courts must identify which crime in the statute formed the basis of the defendant's conviction." Gundy, 842 F.3d at 1162. In such cases, courts may use the modified categorical approach and look beyond the charging statute to determine which of the alternative elements formed the basis of the prior conviction, by reference to a limited class of documents such as indictments, plea agreements, and jury instructions. Descamps, 133 S. Ct. at 2282. In addition to these so-called Shepard documents,[1] the Eleventh Circuit has also allowed courts to use "undisputed facts contained in a PSI." United States v. Ramirez-Flores, 743 F.3d 816, 821 (11th Cir. 2014) (citation omitted). Courts "then compare the elements of that identified crime to the elements of the relevant generic offense." Gundy, 842 F.3d at 1162.

As has been explained in this District:

> When faced with such a state statute [with disjunctive phrasing], the court must decide whether the disjunctive language creates (1) multiple crimes that

---
[1] Shepard v. United States, 544 U.S. 13, 26 (2005).

> are "divisible" into those alternative *elements* that match the generic version of the ACCA enumerated crime and those that do not, or (2) a single crime that has an "indivisible" set of elements and simply lists various alternative factual *means* of committing that single offense. Gundy, 842 F.3d at 1162. An indivisible statute must exactly match the generic crime or else it cannot count as an ACCA predicate offense. Id. A divisible statute, on the other hand, may suffice as an ACCA predicate if it can be determined that the defendant was convicted of the generic crime rather than an alternative, non-generic crime. Id.

Clemons v. United States, CR 408-225/CV 416-005, 2017 WL 473968, at *2 (S.D. Ga. Jan. 6, 2017), *adopted by*, 2017 WL 470900 (S.D. Ga. Feb. 3, 2017).

With respect to Petitioner, generic burglary "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). At the time of Petitioner's state burglary convictions, the Georgia Code defined felony burglary as follows:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1 (version in effect from 1980-2012) (Doc. no. 3, Ex. A).

In Gundy, decided after Mathis, the Eleventh Circuit examined this very version of the Georgia burglary statute. Applying Mathis, the Eleventh Circuit has determined "the plain text of the Georgia statute has three subsets of different locational elements, stated in the alternative and in the disjunctive . . . effectively creating several different crimes." Gundy, 842 F.3d at 1167. "That the Georgia prosecutor must select and identify the locational element of the place burgled – whether the place burgled was a dwelling, building, railroad car, vehicle, or watercraft – is the hallmark of a divisible statute." Id. Therefore, as

8

described above, the Court may use the modified categorical approach to determine whether Petitioner's prior burglary convictions match the generic definition of burglary Congress intended to count as a predicate offense in the enumerated offenses clause of the ACCA. See id. at 1168.

Here, the Shepard documents from Petitioner's prior burglary conviction, attached as Exhibit B to Respondent's briefing, (doc. no. 3), as well as the uncontested facts in the PSI, (¶ 23), show Petitioner was convicted of unlawfully entering the dwelling house of another, to wit: Mario Hart, on February 19, 1997. As Petitioner's prior Georgia burglary conviction "substantially conform[s] to the generic definition of burglary," it qualifies as a violent felony under the enumerated offenses clause of the ACCA. Gundy, 842 F.3d at 1168-69.

### 2. Petitioner's Prior Aggravated Assault Conviction Also Qualifies as a Predicate Under the Elements Clause of the ACCA.

Petitioner also contends his prior aggravated assault conviction is no longer a valid predicate offense post-Johnson. However, a review of the case law shows it qualifies as a predicate offense under the elements clause of the ACCA.

As Respondent succinctly summarizes after quoting the relevant Georgia statutes, O.C.G.A. §§ 16-5-21 and 16-5-20(a),[2] "for [Petitioner] to be guilty of Georgia aggravated assault as charged, he had to attempt or threaten violent injury to another person." (Doc. no. 3, p. 9.) Indeed, according to the undisputed PSI, Petitioner's aggravated assault conviction occurred after he and a co-defendant repeatedly pushed, kicked, and choked a man who owed them money for cocaine, causing broken ribs and a collapsed lung. PSI ¶ 26. Courts within this District have repeatedly held a conviction for Georgia aggravated assault qualifies as a

---

[2]These statutes each reference "serious bodily injury" and "violent injury," respectively.

violent felony under the elements clause of the ACCA.  Brown v. United States, CV 416-190/ CR 494-086, 2016 WL 7013531 (S.D. Ga. Nov. 7, 2016), *adopted by*, 2016 WL 7007515 (S.D. Ga. Nov. 29, 2016); see also Shuck v. United States, CV 416-211/CR 411-007, 2017 WL 465682, at *4 (S.D. Ga. Jan. 31, 2017) (collecting cases), *adopted by*, 2017 WL 693285 (S.D. Ga. Feb. 21, 2017).  Therefore, Petitioner's aggravated assault conviction remains a valid predicate offense.

### 3. Petitioner's Prior Sale of Cocaine Conviction Qualifies as a Serious Drug Offense Predicate Under the ACCA.

Finally, although Petitioner does not challenge it, the Court will address whether his conviction for sale of cocaine qualifies as serious drug offense predicated under the ACCA. The ACCA defines a "serious drug offense" as

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C § 924(e)(2)(A)(ii).  The Georgia statute under which Petitioner was convicted for sale of cocaine provides a maximum sentence of thirty years.  See O.C.G.A. § 16-13-30(d) (version in effect in 1998) (providing for maximum sentence of thirty years for distribution of schedule I controlled substance).  Therefore, that offense qualifies as a serious drug offense predicate under the ACCA.  See In re Rogers, 825 F.3d 1335, 1339 (11th Cir. 2016) ("[W]here binding precedent clearly classifies an offense that the applicant's sentencing court found to be an ACCA predicate as . . . a serious drug offense . . . the challenge[] an applicant is asserting do[es] not 'contain' the rule announced in *Johnson*, so he does not make out a prima facie case."); see also United States v. Dixon, 598 F. App'x, 704, 706 (11th Cir. 2015) (Georgia felony

drug conviction qualifies as a serious drug offense).

Petitioner's ACCA predicate count meets the three necessary to impose the ACCA sentencing enhancement. Therefore, Petitioner's enhanced sentence under § 924(e) was properly imposed, and he is not entitled to the resentencing he seeks.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 20th day of March, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA